JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

DEREK R. OWENS (CABN 230237)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6488
    Facsimile: (415) 436-7234
    E-Mail: AUSA@usdoj.gov

Attorneys for Plaintiff

FILED
JUN 3 0 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 08-0427 MAG |
|     Plaintiff, ) | |
| ) | PLEA AGREEMENT |
| v. ) | |
| ANNE-MARIE KIVINEN, ) | |
|     Defendant. ) | |

    I, Anne-Marie Kivinen, and the United States Attorney's Office for the Northern District of California (hereafter "the government") enter into this written plea agreement (the "Agreement") pursuant to Rules 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure:

The Defendant's Promises

    1.    I agree to plead guilty to the sole count of the captioned Information charging me with assault in a special aircraft jurisdiction of the United States, in violation of Title 49, United States Code, Section 46506 (1), incorporating Title 18, United States Code, Section 113(a)(4). I agree that the elements of the offense are as follows: (I) within the special aircraft jurisdiction of

PLEA AGREEMENT
CR 08-0427 MAG

the United States, (ii) I knowingly and intentionally struck or wounded a person. I agree that the maximum penalties are as follows:

|   |   |   |   |
|---|---|---|---|
| a. | Maximum prison sentence | | Six Months |
| b. | Maximum fine | | $5,000 |
| c. | Mandatory special assessment | | $10 |

2. I agree that I am guilty of the offense to which I will plead guilty, and I agree that the following facts are true: On or about June 23, 2008, I was onboard Virgin Atlantic flight number 19 from London, England, to San Francisco, California. I agree that the aircraft was in the special aircraft jurisdiction of the United States. While onboard the flight I was disruptive to the other passengers and to the flight crew and attendants. Because of my disruptive behavior, and for the safety of the other passengers, the flight attendants restrained me in a seat on the aircraft. While the flight attendants were restraining me, I resisted and opposed them placing me in the restraints. I was intentionally swinging my arms and kicking my feet at the flight attendants in an effort to resist and oppose them. I knowingly and intentionally kicked one of the flight attendants in the leg. While another of the flight attendants was on the floor attempting to restrain my legs, I knowingly and intentionally stepped on his hand.

3. I agree to give up all rights that I would have if I chose to proceed to trial, including the rights to a jury trial with the assistance of an attorney; to confront and cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to any further discovery from the government and to future DNA testing of physical evidence in the government's possession, and to pursue any affirmative defenses and present evidence.

4. I agree to give up my right to appeal my conviction, the judgment, and orders of the Court. I also agree to waive any right I may have to appeal any aspect of my sentence, including any orders relating to forfeiture and/or restitution.

5. I agree to waive any right I may have to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or motion under 18

PLEA AGREEMENT
CR 08-0427 MAG                                2

U.S.C. § 3582, at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated.

6. I agree not to ask the Court to withdraw my guilty plea at any time after it is entered. In exchange for the United States entering into this Agreement, and pursuant to <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), upon my statement of "guilty" or acknowledgment of guilt at the plea hearing, (a) I agree that the facts set forth in paragraph 2 of this plea agreement shall be admissible against me under Fed. R. Evid. 801(d)(2)(A) in any subsequent proceeding, including at trial, in the event I do not plead guilty or move to withdraw the guilty plea to the charge in the information, and (b) I expressly waive any and all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 with regard to the facts set forth in Paragraph 2 of this plea agreement in such subsequent proceeding.

7. I agree not to ask the Court to withdraw my guilty plea at any time after it is entered. I also agree that the Court is not bound by the recommended sentence below, the Court may conclude that a different and/or higher sentence should be imposed, and, if it does, I will not be entitled, nor will I ask, to withdraw my guilty plea.

8. I agree that I will make a good faith effort to pay any fine, forfeiture, or restitution I am ordered to pay. Before or after sentencing, I will, upon request of the Court, the government, or the U.S. Probation Office, provide accurate and complete financial information, submit sworn statements and give depositions under oath concerning my assets and my ability to pay, surrender assets I obtained as a result of my crimes, and release funds and property under my control in order to pay any fine, forfeiture, or restitution. I agree to pay the special assessment at the time of sentencing.

9. I agree not to commit or attempt to commit any crimes before sentence is imposed or before I surrender to serve my sentence. I also agree not to violate the terms of my pretrial release; not to intentionally provide false information to the Court, the Probation Office, Pretrial Services, or the government; and not to fail to comply with any of the other promises I have made in this Agreement. I agree not to have any contact with any victims or witnesses in this case, either directly or indirectly, before and after I am sentenced. This includes, but is not

PLEA AGREEMENT
CR 08-0427 MAG                                    3

1  limited to, personal contact; telephone, mail, or electronic mail contact; or any other written form
2  of communication; and includes any harassing, annoying, or intimidating conduct by me directed
3  to any victims or witnesses. I agree that the Court should include this Agreement as a condition
4  of my supervised release term. I agree that, if I fail to comply with any promises I have made in
5  this Agreement, then the government will be released from all of its promises in this Agreement,
6  including those set forth in paragraphs 12 through 14 below, but I will not be released from my
7  guilty plea.

      10.     I agree that this Agreement contains all of the promises and agreements between the government and me, and I will not claim otherwise in the future.

      11.     I agree that this Agreement binds the U.S. Attorney's Office for the Northern District of California only, and does not bind any other federal, state, or local agency.

The Government's Promises

      12.     The government agrees to move to dismiss any open charges pending against the defendant in the captioned information at the time of sentencing.

      13.     The government agrees not to file any additional charges against the defendant that could be filed as a result of the investigation that led to the captioned information.

Joint Sentencing Recommendation

      14.     The parties agree to jointly recommend the following sentence:

      a.     Two years of unsupervised probation with conditions of probation to be established by the Court, including the following conditions:

      (1)     If I reenter the United States during the term of my supervised probation, I shall notify the U.S. Probation office in the Northern District of California at least 72 hours before my arrival;

      (2)     If I reenter the United States via a commercial flight, I shall not consume any alcohol or be under the influence of alcohol in the special aircraft jurisdiction of the United States;

      (3)     If I reenter the United States via a commercial flight, I shall notify a representative of that commercial airline prior to boarding the aircraft that I am on probation for assaulting a flight attendant and that I am forbidden from consuming any alcohol while on the flight;

      b.     Payment of a $1,000 fine. I agree that I will pay this fine in full to the Clerk of Court ~~on the day I am sentenced;~~ BY 1:00 P.M ON JULY 1, 2008.

PLEA AGREEMENT
CR 08-0427 MAG      4



1
2      c.   Payment of a mandatory special assessment fee of $10. I agree that I will pay this to the Clerk of Court on the day I am sentenced.

3   The Defendant's Affirmations

4      15.   I confirm that I have had adequate time to discuss this case, the evidence, and this
5   Agreement with my attorney, and that he has provided me with all the legal advice that I
6   requested.

7      16.   I confirm that while I considered signing this Agreement, and at the time I signed
8   it, I was not under the influence of any alcohol, drug, or medicine.

9      17.   I confirm that my decision to enter a guilty plea is made knowing the charges that
10  have been brought against me, any possible defenses, and the benefits and possible detriments of
11  proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no
12  one coerced or threatened me to enter into this Agreement.

13     18.   I confirm that I understand and am proficient in English. I have read this entire
14  plea agreement and do not need the assistance of an interpreter.

15
16  Dated: 06/30/08

        _____
17      ANNE-MARIE KIVINEN
        Defendant

18      JOSEPH P. RUSSONIELLO
        United States Attorney
19
20  Dated: 6/30/08
        _____
21      DEREK OWENS
        Assistant United States Attorney

22     I have fully explained to my client all the rights that a criminal defendant has and all the
23  terms of this Agreement. In my opinion, my client understands all the terms of this Agreement
24  and all the rights she is giving up by pleading guilty, and, based on the information now known
25  to me, her decision to plead guilty is knowing and voluntary.

26
27  Dated: June 30, 2008
        _____
28      STEVEN KALAR
        Attorney for Defendant

PLEA AGREEMENT
CR 08-0427 MAG                                5